# MOTION HEARING MINUTES

*CASE NAME:*

| The Anderson Group, LLC, et al. | VS | City of Saratoga Springs, et al. |
|---|---|---|

*CAUSE*: 42:0405 Fair Housing Act        *DATE*:    July 20, 2006

*PROCEEDING:*     **Motion Hearing**

*LAW CLERKS*:    None      *CASE NUMBER:*     1:05-cv-1369 (GLS/DRH)

*TRIAL DATE:* **None**     *STENO*:   **Bonnie Buckley**

Note:    None

| PRINT NAME | FIRM NAME | PARTY: |
|---|---|---|
| Mary J. Hahn, Esq. | Relman & Associates | Plaintiffs |
| Reed N. Colfax, Esq. | Relman & Associates | Plaintiffs |
| Gregg T. Johnson, Esq. | Girvin, Ferlazzo Law Firm | Defendants |
| Scott Quesnell, Esq. | Girvin, Ferlazzo Law Firm | Defendants |

BEGINNING TIME: 9:30 A.M.            END TIME: 10:10 A.M.

9:30 a.m.   Attorney appearances made.
9:30 a.m.   Court grants pro hac vice admission of Mary Hahn.
9:30 a.m.   Court states motion pending before court; Court advises of court exhibit 3 standard of review applying to the pending motion.
9:30 a.m.   Court states defendants position in the motion; individual liability; pendant claim.
9:30 a.m.   Court inquires why issues of premature on facts in the complaint; need further development with exception of 50e and human rights.
9:31a.m.   Atty. Johnson discusses individual liability; all being sued; not single allegation specific to any one of the defendants; be before the court at the end of discovery to argue the facts; actions taken as a body; zoning power that was wielded by the defendants; plaintiffs can't make in good faith under Rule 11.
9:33 a.m.   Court states for example if on facing zoning is discriminatory and if each defendant voted for would that be individual liability.
9:34 a.m.   Atty. Johnson states not; person who is culpable is party who makes it unfair.

|           | |
|---|---|
|           | States language different; limited under human rights law; same analysis applies. |
| 9:36 a.m. | Court asks defendant if agrees. Court states being asked to extend facts....states supplemental jurisdiction. |
| 9:37 a.m. | Atty. Johnson states asking court to create law that does not exist under state. |
| 9:37 a.m. | Court states some based on what happened that night; how resolve at 12 c; divergent view of facts; ask why not premature. |
| 9:39 a.m. | Atty. Johnson states look at actual relief implements Berfer (sp?). Point court to allegations in complaint. Speaks of paragraph 15 and 28. Two allegations, there is a 30 to 1 ration of Caucasian to African-American. States second allegation makes ratio of 20 to 1. States race claim is speculation and has nothing to do with zoning. |
| 9:41 a.m. | Court turns to 246 human rights law; what impact claim have on assessment in progress of case; what impact if decide today and delay. |
| 9:42 a.m. | Atty. Johnson states impact on client's exposure. |
| 9:43 a.m. | Court states if to defer legislative decision what impact. states 1st claim will be back. Court inquires any authority that human rights law controls Housing Act. |
| 9:44 a.m. | Atty. Colfax states plain language statute. Statute identifies persons and entities to control dwelling, rental, etc. People who control also are incorporated in the statute; not only controlling but people who will grant and prevent; discusses Realtors, lenders, insurance companies. |
| 9:47 a.m. | Court asks to explain why threw in the human rights claim; what seeking to reach that don't accomplish through the housing act. |
| 9:48 a.m. | Atty. Colfax states under NYS law; states to officials violating housing law and the state legislature is trying to prevent from happening. |
| 9:49 a.m. | Court states is hearing; federal judge should tell NYS legislature applies; why should this court not let a states judge handle.. |
| 9:49 a.m. | Atty. Colfax bring both here so not in two courts; if not will need to go through two discovery processes; defendants may not like it. |
| 9:50 a.m. | Court states will not be making a decision today. Court wanted to know if there was a pragmatic reason. Court states lost in the math. Court states not seeing in the complaint, not resolving any legal issue, what was said and done and put city on notification that this was minority housing; understand Anderson's assertions; |
| 9:52 a.m. | Atty. Colfax states replace minority housing with affordable housing. Market study done for Anderson's proposed development; takes that area and applies income guidelines; get random selection; complaint alleges disaprotionate portion of minorities; |
| 9:54 a.m. | Court asks how much will be minority housing and going in over the application for the mashi nation of the projects. |

| Time | Event |
|---|---|
| 9:55 a.m. | Atty. Colfax states few conversations; in 2006 no longer have had. States when Anderson's are present they are not happening. Existing affordable housing is with minorities; higher percentage of families with children. Tried to take some discovery; have not had any depositions. |
| 9:57 a.m. | Court asks if agree on issues of individual liability that there was some discrimatory and can't prove at best will have municipal liability. |
| 9:57 a.m. | Atty. Colfax states discovery will show conversations or code words that they did not want these kind of people in our community; allege ultimate motivated town officials discriminatory opposition from the neighbors; protected classes came up. On individual capacity, in hypothetical, we allege specific acts directed at Andersons; defendants dispute that; plaintiffs allege directed acts; |
| 10:01 a.m. | Court states under 12c not what allege but what can prove; have winner on that. |
| 10:01 a.m. | Atty. Johnson states undermines individual capacity. States not enough where plaintiff alleges under deposition there may be something said. |
| 10:03 a.m. | Court states understands defendants position and concerns; states premature on these facts to dismiss case against individuals; court states will see this again on back end of discovery; enough in complaint to justify allegations to warrant further discovery. Court discusses legislative immunity. Only facts before court of what is alleged in complaint. Court disagrees where case is not ripe and is DENIED; DENIED under Berfer argument; Legislative immunity is DENIED; as to last two 50 e claim is DENIED as to the 296 is DENIED with leave to renew instead of reserving on that issue. Court states deferring to another day. Summary Order to be issued. |