**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDERSON GROUP, LLC.,**
**GAIL ANDERSON,**

                **Plaintiffs,**

                **v.**

**CITY OF SARATOGA SPRINGS,**
**SARATOGA SPRINGS CITY COUNCIL,**
**SARATOGA SPRINGS PLANNING BOARD,**
**and in their individual and official capacities:**
**MICHAEL LENZ, MATTHEW McCABE,**
**THOMAS McTYGUE, STEPHEN**
**TOWNE, LEWIS BENTON, ROBERT**
**BRISTOL, ROBERT ISREAL, WILLIAM**
**McTYGUE, NANCY OHLIN, LOU SCHNEIDER,**

                **Defendants.**
_____

**1:05-CV-1369**
**(GLS/DRH)**

**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

RELMAN & ASSOCIATES      REED N. COLFAX, ESQ.
1225 19th Street, N.W.
Suite 600
Washington, District of Columbia 20036

**FOR THE DEFENDANTS:**

GIRVIN, FERLAZZO LAW FIRM      GREGG T. JOHNSON, ESQ.
20 Corporate Woods Boulevard
2nd Floor

Albany, New York 12211
**Gary L. Sharpe**
**U.S. District Judge**

## Summary Order

On July 20, 2006, this court heard oral argument on defendants'

Federal Rule of Civil Procedure 12(c) motion for judgment on the

pleadings. *See Dkt. No. 24.* At the hearing, the court denied all aspects of

defendants' motion because the issues presented were either premature or

contrary to established law. The court now issues this summary order for

clarification purposes. Following review of the parties' oral arguments, the

parties' submissions, the relevant law, and for the reasons that follow, the

court denied the motion.

Defendants make several arguments in support of their motion.

Specifically, they argue that the action should be dismissed because: (1)

the issue is not ripe for review; (2) the *Burford* abstention doctrine applies;

(3) individual liability does not exist, and if it did, the defendants are entitled

to legislative immunity; (4) a required notice of claim was not filed under

state law, and (5) New York Human Rights Law § 296 does not apply to

municipalities.[1]

---

[1]The defendants also argue that the court should not address plaintiffs' pendent state law claims if it dismisses plaintiffs' claims under the Fair Housing Act (FHA). At this juncture, the court is going forward with the state claims, and the argument is, therefore, moot. *See Dkt.*

Defendants argue that the issues presented in the complaint are not ripe.  For Federal Housing Act claims, the Second Circuit has held that when the challenged action is a zoning ordinance, "it is unclear that realistic administrative remedies exist."  *Huntington Branch, N.A.A.C.P. v. The Town of Huntington*, *N.Y.*, 689 F.2d 391, 394 n.3 (2d Cir. 1982). Moreover, courts have also held that "the enactment of [a] new Local Law is tantamount to a final denial of [a] special use permit."  *Sunrise Dev., Inc. v. The Town of Huntington, N.Y.*, 62 F. Supp. 2d 762, 770 (E.D.N.Y. 1999). Here, no exhaustion requirements are mandated under the FHA. Accordingly, the defendants' motion is DENIED on this ground.

Defendants' argument that the *Burford* abstention doctrine should apply is also without merit because federal courts have routinely reviewed local zoning ordinances under the FHA.  *See Lynn v. Vill. of Pomona*, 373 F. Supp. 2d 418, 426 (S.D.N.Y. 2005); *see also LeBlanc-Sternberg v. Fletcher,* 67 F.3d 412, 424 (2d Cir. 1995).  Accordingly, the defendants' motion is DENIED on this ground.

At this juncture, the issue of individual liability and legislative immunity cannot be determined since the complaint is sufficient as a notice

_____

*No. 24.*

pleading, and since further factual development is warranted.  Accordingly,

defendants' motion is DENIED on this ground.

Defendants' contention that plaintiffs were required to file a notice of

claim under N.Y. Gen. Mun. Law § 50-e is also without merit.  Courts have

limited the application of notice of claim requirements to tort actions.  *See*

*Dortz v. City of New York*, 904 F. Supp. 127, 141 (S.D.N.Y. 1995) (holding

that both federal and state courts do not consider claims brought under §

296 tort actions and thus are not subject to § 50-e).  Accordingly, the

plaintiffs' state law claims are not subject to § 50-e.  Therefore, the

defendants' motion is DENIED on this ground.

Lastly, the court considered the parties' arguments on the application

of New York Human Rights Law § 296(5)(a) to municipalities.  While they

cite no relevant case law, plaintiffs argue from a policy standpoint that §

296 should be extended to the discriminatory practices of local entities.

They contend that this extension would be consistent with the national anti-

discriminatory purpose espoused under the FHA.[2]  At this juncture, the

---

[2]As the court noted during oral argument, extension of § 296 to municipal defendants would create a new cause of action not yet addressed by either the New York State Legislature or state courts.  The court recognizes here, as did Judge Smith in *Support Ministries for Persons with AIDS,* that addressing § 296 claims would implicate areas of state policy.  *See Support Ministries for Persons with AIDS, Inc. v. Vill. of Waterford,* 808 F. Supp. 120, 122 (N.D.N.Y. 1992) (Smith J.).

court deems it premature to rule on this issue.  Therefore defendants' motion on this basis is DENIED with leave to renew.

**WHEREFORE**, it is hereby

**ORDERED** that defendants' motion for judgment on the pleadings (*Dkt. No. 24)* is DENIED; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

July 20, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

5