IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

THE ANDERSON GROUP, LLC, *et al.*,

    Plaintiffs,

    v.

CITY OF SARATOGA SPRINGS, *et al.*,

    Defendants.

Civil Action No. 1:05-CV-1369,
GLS/DRH

Judge Gary L. Sharpe

Magistrate Judge David R. Homer

## **PLAINTIFFS' RESPONSE TO DEFENDANTS'**
## **STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 7.1(a)(3), Plaintiffs Gail Anderson and The Anderson Group hereby respectfully responds to Defendants' Statement of Material Facts. Under Local Rule 7.1(a)(3), Defendants are required to provide specific record citations to establish the fact asserted. Where Defendants have failed to do so, or where the citation is to material that is inadmissible or not based on personal knowledge, Plaintiffs respectfully move this Court to strike the statement.

1.    Denied. (Ex. 3, Anderson, W. Dep. at 51-52 (describing non-commercial projects).)

2.    Denied. (Ex. 1, Anderson, Gail Dep. at 33 (describing involvement with financial side of The Anderson Group).)

3.    Denied. (*See* Compl. (describing subject of the litigation).)

4.    Denied. (Ex. 1, Anderson, Gail Dep. at 61 (describing agreement with The Anderson Group to develop Spring Run Village).)

5.     Denied.  Immaterial.

6.     Denied.  Immaterial.

7.     Denied.  Immaterial.  (Ex. 3, Anderson, W. Dep. at 51-52 (describing

more than one project); Ex. 49, Spring Run Village Special Use Permit Application, Sept.

23, 2004 ("Spring Run Village Application, Sept. 23, 2004").)

8.     Denied.  Immaterial.

9.     Denied.  Immaterial.

10.    Denied.  Immaterial.

11.    Admitted.

12.    Denied.  Immaterial.

13.    Admitted.

14.    Denied.  Immaterial.

15.    Admitted.

16.    Denied.  Immaterial.

17.    Admitted.

18.    Denied.  Immaterial.

19.    Denied.  Immaterial.

20.    Denied.  Immaterial.

21.    Denied. Immaterial and ambiguous.

22.    Denied.  Immaterial.

23.    Denied.  (*See* Ex. 31, J. Stacy, ACO Property Advisors, Inc. Ltr. to A.

Anderson, Jan. 13, 2004 ("ACO Opinion of Value") (Map showing Andersons' SWAD

parcels).)

24. Denied. (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres).)

25. Denied. (*See* Ex. 53, 1987 Master Development Plan for the City of Saratoga Springs ("1987 Comp. Plan"); Ex. 33, 1999 Comprehensive Plan for the City of Saratoga Springs ("1999 Comp. Plan"); Ex. 24, The Saratoga Springs Comprehensive Plan, adopted July 17, 2001 ("2001 Comp. Plan") (noting approvals of Comprehensive Plan); *compare, e.g.*, (Ex. 74, Summary of Land Use Regulations and Issues Related to the Anderson Property); Ex. 53, 1987 Comp. Plan at 11.8, 11.12 (example of lack of conformity between Comprehensive Plan and zoning ordinance); Ex. 15, McCabe, Dep. at 107 (noting no effort made to ensure consistency between Comprehensive Plan and zoning ordinance).)

26. Denied. (*See* Ex. 31, ACO Opinion of Value at 6 (Map showing Andersons' SWAD parcels); Bornemann Aff. ¶ 5 (assertion made upon information and belief).)

27. Denied. (*See* Ex. 85, Deed to Anderson Property, January 13,1987 ("1987 Deed") (Andersons purchase property in 1987).)

28. Denied. Immaterial. Legal Conclusion.

29. Denied. Immaterial. Bornemann Aff. ¶ 6 (assertion made upon information and belief).

30. Denied. (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres); Ex. 53, 1987 Comp. Plan (designating area "commercial" zone).)

3

31.     Denied.  (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres until 1990 when permitted densities were changed).)

32.     Denied.  (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres).)

33.     Denied.  Immaterial.

34.     Denied.  Immaterial.

35.     Denied.  Immaterial.

36.     Denied.  Immaterial.

37.     Denied.  Immaterial.

38.     Denied.  (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area and dates of zoning changes).)

39.     Denied.  Immaterial.

40.     Denied.  Immaterial.

41.     Denied.  Immaterial.

42.     Denied.  Immaterial.

43.     Denied.  Immaterial.

44.     Denied.  Ambiguous.  (Ex. 33, 1999 Comp. Plan.)

45.     Admitted.

46.     Denied.  (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting development in SWAD).)

47.     Denied.  Temporally ambiguous.

48.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Denied.  (Ex. 33, 1999 Comp. Plan, Impact Area – Weibel Ave – Southern Area (noting that connecting road not required for some uses).)

51.     Denied.  (*See* Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres).)

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     Admitted.

57.     Admitted.

58.     Admitted.

59.     Denied.  (Ex. 24, 2001 Comp. Plan (describing nature and purpose of Conservation Development District).)

60.     Denied.  (*See, e.g.*, Ex. 29, Planning Board Minutes, Dec. 8, 2004 (noting zoning history of area as permitting residential development on .25 acres); Ex. 53, 1987 Comp. Plan (designating area for commercial use); Ex. 33, 1999 Comp. Plan (designating area for commercial and high-density residential use).)

61.     Admitted.

62.     Denied.  (Ex. 36, Zoning Ordinance Review Committee, Summary of
Proposed Amendments to Saratoga Springs Zoning Ordinance ("Summary of Proposed
Amendments") (dated April 2003).)

63.     Admitted.

64.     Admitted.

65.     Denied.  (Ex. 39, City Council Minutes, May 20, 2003 (motion to change
zoning classification of area to Rural Residential-1).)

66.     Denied.  (Ex. 36, Summary of Proposed Amendments 6.0 SEQR
Documentation at 13-14 ("[T]he proposed text and map amendments primarily *maintain
or reduce* development densities....").)

67.     Admitted.

68.     Denied.  (Ex. 34, Zoning Ordinance of the City of Saratoga Springs,
Chapter 240 (residential uses preferred uses in special development areas, which was
previous zoning of transect zones); Ex. 36, Summary of Proposed Amendments,
Summary of Special Development Area Changes; Art. II at 17; (noting transect zones
replace special development areas and requirement of special use permit approval for
development).)

69.     Denied.  (Ex. 34, Zoning Ordinance of the City of Saratoga Springs,
Chapter 240 (describing guidelines for various special development areas, which was
previous zoning of transect zones).)

70.     Denied.  (Ex. 36, Summary of Proposed Amendments 6.0 SEQR
Documentation at 13-14 ("[T]he proposed text and map amendments primarily *maintain
or reduce* development densities...."); Ex. 34, Zoning Ordinance of the City of Saratoga

6

Springs, Chapter 240 (residential uses preferred uses in special development areas, which was previous zoning of transect zones).)

71.     Denied. (Ex. 36, Summary of Proposed Amendments (noting that Conservation District does not prohibit land use activity that is already permitted).)

72.     Denied. (Ex. 36, Summary of Proposed Amendments (describing intent of Conservation District).)

73.     Denied. (Ex. 36, Summary of Proposed Amendments (noting that Conservation District does not prohibit land use activity that is already permitted).)

74.     Denied. (Ex. 34, Zoning Ordinance of the City of Saratoga Springs, Chapter 240, Art. IV at 1 (describing method for calculating base densities and density bonuses permitted only for public access and not affordable housing).)

75.     Denied. (Ex. 96 Supplemental Discussion of the EAF – Rezoning of the Southern Weibel Avenue District at 454 (recognizing a policy tradeoff between City's chosen path of preserving open space and creating affordable housing); Ex. 18, Mirling Dep. at 104-05 (describing his belief that affordable housing cannot be built in a RR-1 zone that allows only one unit per two acres); Ex.78 S. Raphael Report, February 27, 2007 ("Raphael Report") at 1-3 (availability of affordable housing decreased by rezoning SWAD to RR1).)

76.     Denied. (Ex. 96 Supplemental Discussion of the EAF – Rezoning of the Southern Weibel Avenue District at 454 (recognizing a policy tradeoff between City's chosen path of preserving open space and creating affordable housing); Ex. 18, Mirling, Dep. at 104-05 (describing his belief that affordable housing cannot be built in a RR-1 zone that allows only one unit per two acres); Ex. 78, Raphael Report at 1-3.)

77. Denied. (Ex. 30, Special Use Permit Application, Oct. 26, 2004; Ex. 71, Spring Run Village Special Use Application, December 15, 2004 ("Spring Run Village Application, Dec. 15, 2004").)

78. Denied. (Ex. 40, *In the Matter of Gail Anderson*, Order, May 10, 2004 ("Judge Nolan Decision").)

79. Denied. Immaterial. (Ex. 21, Touhey, Dep. at 64-65.)

80. Denied. Immaterial.

81. Admitted.

82. Admitted.

83. Denied. Immaterial.

84. Denied. (Ex. 21, Touhey, Dep. at 64-65; Ex. 38, Weibel Avenue/Gilbert Road Study Area Advisory Committee Meeting Agenda/Notes, May 16, 2003 (challenged rezoning followed immediately after presentation of Anderson's proposed development).)

85. Denied. (Ex. 40, Judge Nolan Decision, (decision related to entire SWAD).)

86. Admitted.

87. Denied. (Ex. 24, 2001 Comp. Plan at 54.)

88. Denied. (Ex. 43, City Council Minutes, Aug. 11, 2004 (City proposed engaging Behan Planning Associates).)

89. Denied. (Ex. 43, City Council Minutes, Aug. 11, 2004 (approval to retain Behan Planning Associates for "preparation of SEQR documents").)

90. Admitted.

91.     Denied. (Ex. 43, City Council Minutes, Aug. 11, 2004 (unanimous approval to retain Behan Planning Associates for "preparation of SEQR documents").)

92.     Denied. (Ex. 67, G. Bornemann Emails to J. Viggiani, Aug. 31 and Sept. 1, 2004; Ex 101, Bornemann Emails to J. Viggiani, Jan. 28, 2005).

93.     Denied. (Ex. 12, Ingersoll, Dep. at 62-63; Ex. 7, Bornemann, Dep. at 186, 190-91, 194 (recounting conversations between Ingersoll and Bornemann re: Spring Run Village).)

94.     Denied. Speculative. (Ex. 12, Ingersoll, Dep. at 62-63; Ex. 7, Bornemann, Dep. at 186, 190-91, 194 (recounting conversations between Ingersoll and Bornemann were limited to Spring Run Village).)

95.     Admitted.

96.     Denied. (Ex. 22, City Council Minutes, Sept. 21, 2004 (McCabe motion to seek advisory opinion regarding rezoning the "Anderson property").)

97.     Denied. (Ex. 22, City Council Minutes, Sept. 21, 2004 (McCabe motion to seek advisory opinion regarding rezoning the "Anderson property").)

98.     Denied. (Ex. 22, City Council Minutes, Sept. 21, 2004 (McCabe motion to seek advisory opinion regarding rezoning the "Anderson property;" Ex. 54, Transcript, City Council Meeting, Oct. 5, 2004 ("10/5/04 City Council Tr.") (McCabe motion to seek advisory opinion regarding rezoning the "Lake Avenue/Gilbert Road area").)

99.     Denied. (Ex. 54, 10/5/04 City Council Tr. (McCabe motion to seek advisory opinion regarding rezoning the "Lake Avenue/Gilbert Road area").)

100. Denied. (Ex. 54, 10/5/04 City Council Tr. (McCabe motion to seek advisory opinion regarding rezoning the "Lake Avenue/Gilbert Road area," Lenz amendment to seek opinion regarding "remaining 160 acres").)

101. Admitted.

102. Denied. (Ex. 54, 10/5/04 City Council Tr. (Lenz amendment to seek opinion regarding "remaining 160 acres").)

103. Denied. (Ex. 54, 10/5/04 City Council Tr. (noting basis of amendment to allow "process to continue").)

104. Admitted.

105. Denied. (Ex. 54, 10/5/04 City Council Tr. (Lenz amendment to seek opinion regarding "remaining 160 acres").)

106. Denied. (Ex. 97, Ohlin Dep. at 20 (testimony regarding duties of Planning Board.)

107. Denied. (Ex. 97, Ohlin Dep. at 20 (testimony regarding duties of Planning Board.)

108. Denied. (Ex. 97, Ohlin Dep. at 20 (testimony regarding duties of Planning Board; Planning Board grants or denies permit applications).

109. Denied. Ambiguous. Legal conclusion.

110. Admitted.

111. Denied. (Ex. 46, Planning Board Minutes, Nov. 3, 2004 (histories are "noted" at every consideration of SWAD/Spring Run Village and not orally recited).)

112.     Denied.  (Ex. 54, 10/5/04 City Council Tr. (Lenz amendment to seek opinion regarding "remaining 160 acres"), Curley statement that "when the comprehensive plan was discussed, this was an issue that was not addressed").)

113.     Denied.  (Ex. 46, Planning Board Minutes, Nov. 3, 2004 at 7-11 (Ohlin is sole Planning Board member discussing rezoning entire SWAD).)

114.     Admitted.

115.     Admitted.

116.     Denied.  (Ex. 46, Planning Board Minutes, Nov. 3, 2004 at 7-11 (indicating intent to request City Council to look at whole 124 acres).)

117.     Admitted.

118.     Admitted.

119.     Admitted.

120.     Denied.  (*Compare* Ex. 22, Towne, Dep. at 165 (testifying that "originally drafted motion" refers to rezoning portion of SWAD), *with* Affidavits of other defendants cited in Statement (misstating that "originally drafted motion" referred to rezoning entire SWAD).)

121.     Denied.  Ambiguous.

122.     Admitted.

123.     Admitted.

124.     Denied.  (Ex. 47, City Council Minutes, Nov. 16, 2004 at 13 (Bornemann comments regarding obtaining advisory opinion from Planning Board).)

125.     Denied.  (Ex. 47, City Council Minutes, November 16, 2004, at 13

(reflecting that announcement was only that further discussion would take place); Ex. 9,

Brunelle, Dep. at 52-53 (describing "surprise vote").)

126.     Admitted.

127.     Admitted.

128.     Denied.  (Ex. 70, City Council Minutes, Nov. 17, 2004 (descriptions of

comments made during public comment period).)

129.     Admitted.

130.     Admitted.

131.     Admitted.

132.     Admitted.

133.     Denied.  (Ex. 70, City Council Minutes, Nov. 17, 2004 (motion

accompanied with no statement of intent for seeking amendment).)

134.     Denied.  (Ex. 29, Planning Board Minutes, Dec. 8, 2004 (Planning Board

"noted" histories).)

135.     Denied.  (Ex. 29, Planning Board Minutes, Dec. 8, 2004 (Bornemann

comments about various options for zoning).)

136.     Denied.  (Ex. 29, Planning Board Minutes, Dec. 8, 2004 (decision

indicating no consideration of positive comments).)

137.     Denied.  (Ex. 29, Planning Board Minutes, Dec. 8, 2004 (comments from

all members regarding bases for votes).)

138.     Admitted.

139.     Denied.  Ambiguous.

140.     Admitted.

141.     Admitted.

142.     Admitted.

143.     Denied.  (Ex. 48, City of Saratoga Springs City Council Meeting Minutes,

Feb. 1, 2005 (indicating facts reviewed before vote).)

144.     Denied.  *(See* Pls.' Opp at 23 to 49 and cites therein.)

145.     Denied.  *(See* Pls.' Opp at 23 to 49 and cites therein.)

146.     Denied.  *(See* Pls.' Opp at 23 to 49 and cites therein.)

147.     Denied.  *(See* Pls.' Opp at 23 to 49 and cites therein.)

148.     Denied.  *(See* Pls.' Opp at 23 to 49 and cites therein.)

149.     Denied.  (Ex. 58, LA Group Invoice to The Anderson Group (describing

scope of services).

150.     Admitted.

151.     Denied.  (Ex. 42, M. Ingersoll Email to W. Anderson, July 29, 2004

(discussing City Planner's expressing urgent need to rezone property).)

152.     Denied.  *(See* Ex. 3, Anderson, W. Dep. at 81-101; Ex. 2, Anderson,

Gregory Dep. at 104-132; Ex. 12, Ingersoll, Dep. at 47-61 (describing nature of meetings

with City Council members). )

153.     Denied.  *(See* Ex. 3, Anderson, W. Dep. 81-101; Ex. 12, Ingersoll, Dep.

47-61 (describing nature of meetings with City Council members and that presentations

included references to affordable housing).)

154.     Denied. Ambiguous.

155.     Admitted.

156.     Denied. (Ex. 49, Spring Run Village Application, Sept. 23, 2004 (describing nature of proposed development).)

157.     Denied. (Ex. 3, Anderson, W. Dep. at 126 (noting that construction costs of Spring Run Village changed with different scopes of the project).)

158.     Denied. (Ex. 49, Spring Run Village Application, Sept. 23, 2004 (copy of application reflecting Mr. Bornemann's comments on application).)

159.     Admitted.

160.     Denied. (Ex. 3, Anderson W. Dep. at 126 (describing receipt of traffic study).)

161.     Denied. (Ex. 50, Spring Run Village Application, Oct. 13, 2004 (copy of application submitted to Planning Board).)

162.     Denied. (Ex. 50, Spring Run Village Application, Oct. 13, 2004 (copy of application reflecting incorporation of Mr. Bornemann's comments on previous application).)

163.     Denied. (Ex. 50, Spring Run Village Application, Oct. 13, 2004 (copy of application reflecting Mr. Bornemann's comments on application).)

164.     Denied. (Ex. 30, Special Use Permit Application, Oct. 26, 2004 (copy of application submitted to Planning Board).)

165.     Denied. (*Compare* Ex. 30, Special Use Permit Application, Oct. 26, 2004 (copy of application submitted to Planning Board) and Ex. 50, Spring Run Village Application, Oct. 13, 2004 (copy of application reflecting Mr. Bornemann's comments on application).)

166.     Admitted.

167.    Denied.  (Ex.102, P. Lynch Letter to R. Bristol, Nov. 10, 2004 (describing no threat to the Planning Board).)

168.    Admitted.

169.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 (meeting stopped before Planning Board considers application).)

170.    Admitted.

171.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 at 4 (describing required and likely required reviews).)

172.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 at 4 (describing required and likely required reviews).)

173.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 at 4 (describing histories as noted).)

174.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 at 5 (describing purposes of and possible actions during meeting).)

175.    Denied.  (Ex. 51, Planning Board Minutes, Nov. 17, 2004 at 5 (describing purposes of and possible actions during meeting).)

176.    Denied.  (Ex. 12, Ingersoll, Dep. at 96-97 (describing being interrupted by canceling of discussion during presentation of Spring Run Village).)

177.    Undisputed.

178.    Denied.  (Ex. 12, Ingersoll, Dep. at 96-97 (describing being interrupted by canceling of discussion during presentation of Spring Run Village); Ex. 9, Brunelle, Dep. at 48-49.)

179.   Denied. (Ex. 97, Ohlin Dep. at 145; Ex. 5, Benton, Dep. at 94-95

(testifying that they did not recall nature of any errors in Spring Run Village application

or supporting documentation); Ex. 51, Planning Board Minutes, November 17, 2004 at 6-

7 (quoted portion of attorney letter reflects Comprehensive Plan and discussions by

Planning Board).)

180.   Denied. (Ex. 51, Planning Board Minutes, November 17, 2004 at 4-8

(describing comments, concerns, and statements made during meeting related to Spring

Run Village).)

181.   Denied. (Ex. 3, Anderson, W. Dep. at 177 (describing concurrent

meetings of Planning Board and City Council regarding SWAD and Spring Run Village

and that could not attend both in their entirety).)

182.   Admitted.

183.   Admitted.

184.   Admitted.

185.   Admitted.

186.   Denied. Ambiguous.

187.   Admitted.

188.   Admitted.

189.   Admitted.

190.   Denied. (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing

comments of Board members).)

191.   Denied. (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing

comments of Board members).)

16

192.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing Chairman Bristol's comments).)

193.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing comments of Board members).)

194.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing Chairman Bristol's comments).)

195.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing Benton's comments and Bornemann's response); Ex. 34, Zoning Ordinance of the City of Saratoga Springs, Chapter 240, Art. II, at 24 (describing connecting road guideline).)

196.    Denied.  (Ex. 34, Zoning Ordinance of the City of Saratoga Springs, Chapter 240, Art. II, at 24 (describing connecting road guideline).)

197.    Admitted.

198.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 (describing rejection of Spring Run Village application).)

199.    Denied.  (Ex. 34, Zoning Ordinance of the City of Saratoga Springs, Chapter 240, Art. II, at 24 (describing connecting road guideline).)

200.    Denied.  (Ex. 29, Planning Board Meeting, Dec. 8, 2004 at 15-16 (describing rejection of Spring Run Village application).)

201.    Admitted.

202.    Admitted.

203.    Admitted.

204.    Admitted.

205.    Admitted.

17

206. Admitted.

207. Admitted.

208. Admitted.

209. Admitted.

210. Admitted.

211. Admitted.

212. Denied. (Ex.103, CMI Calendar Entries (indicating February 2, 2005

Planning Board Meeting); Ex. 55, Transcript, Planning Board Meeting, Dec. 8, 2004

("12/8/04 Planning Bd. Tr.") (indicating application cancelled); Ex. 7, Bornemann, Dep.

at 68.)

213. Denied. (Ex. 55, 12/8/04 Planning Bd. Tr. (indicating application

cancelled); Ex. 7, Bornemann, Dep. at 68.)

214. Denied. (Ex. 55, 12/8/04 Planning Bd. Tr. (indicating application

cancelled); Ex. 7, Bornemann, Dep. at 68.)

215. Denied. Ambiguous.

216. Denied. Ambiguous.

217. Admitted.

218. Admitted.

219. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

220. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

221. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

222. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

223. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

224. Denied. (*See* Pls.' Opp. at 23 to 49 and record cites therein.)

225. Denied. (Ex. 104, Article 78 Petition, March 1, 2005 (describing statements made in support of petition).)

226. Admitted.

227. Denied. (Ex. 40, Judge Nolan Decision (describing basis for decision).)

228. Denied. (Ex. 105, Memorandum and Order, March 16, 2006 (describing date and basis for decision).)

229. Denied. (*See* Complaint.)

230. Admitted.

231. Admitted.

232. Admitted.

233. Denied. (Ex. 7, Bornemann, Dep. at 18 (noting that IZOD never adopted by City).)

234. Admitted.

235. Denied. (Ex. 14, Lenz, Dep. at 118-120 (stating belief that IZO was first mentioned to him in Fall 2004).)

236. Admitted.

237. Denied. (Ex. 29, Planning Board Minutes, Dec. 8, 2004 (indicating Mr. Lynch's response regarding tax credit applications).)

238. Admitted.

239. Denied. Birge Aff. ¶ 3 (assertion based on "upon information and belief).

240. Admitted.

241. Admitted.

242. Admitted.

243. Denied. (*See, e.g.*, Ex. 6, Birge Dep. at 43-44, 122-23 (refusing to state whether promoting affordable housing was objective of Office of Community Development).)

244. Admitted.

245. Denied. (Ex. 6, Birge Dep. at 34-35, 108 (describing affordable housing related efforts by City).)

246. Denied. (Ex. 6, Birge Dep. at 34-35, 108 (describing affordable housing related efforts by City).)

247. Denied. (Birge Aff. ¶ 6 (assertion made upon information and belief); Ex. 93, B. Birge Email to G. Anderson, Jan. 11, 2005 (responding to Andersons' inquiry regarding applying for CDBG funds).)

248. Denied. Birge Aff. at ¶ 10 (assertion based on "information and belief")

249. Denied. (Ex. 59, W. Fairley, *Disparate Impact and Segregation in City of Saratoga Springs and the Albany-Schnectady-Troy MSA*, April 20, 2007 ("Fairley Report") (describing bases for conclusion); Ex. 25, Report of Dr. Alan Parnell, Feb. 28, 2007 ("Parnell Report") (describing disparate impact of Defendants' actions and segregation in Saratoga Springs).)

250. Denied. (Ex. 25, Parnell Report (describing disparate impact of Defendants' actions and segregation in Saratoga Springs).)

Dated: July 17, 2007

Respectfully submitted,

<div style="margin-left: 50%;">

__/s/ Reed N. Colfax_____

Reed N. Colfax
John P. Relman
Mary J. Hahn
RELMAN & DANE
1225 Nineteenth Street, #600
Washington, D.C. 20036
(202) 728-1888

Peter A. Lynch
LYNCH & LYNCH
111 State Street, First Floor
Albany, NY 12207
(518) 463-1252

**Attorneys for Plaintiffs**

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2007, a copy of the foregoing Plaintiffs' Response to Defendants' Statement of Material Facts was electronically filed using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Gregg T. Johnson
Scott Quesnel
Girvin & Ferlazzo
20 Corporate Woods Blvd.
Albany, New York 12211
gtj@girvinlaw.com

/s/ N.Cain
Nicholas Cain