# MOTION HEARING MINUTES

*CASE NAME:*

| The Anderson Group, LLC, et al. | VS | City of Saratoga Springs, et al. |

*CAUSE*: 42:405 Fair Housing Act          *DATE*:  October 18, 2007

*PROCEEDING:*          Motion Hearing

*LAW CLERKS*: _____          *CASE NUMBER:*  1:05-cv-1369  (GLS/DRH)

*TRIAL DATE:*  \*\*/\*\*/\*\*          *STENO*:   Bonnie Buckley

Note:     None

| PRINT NAME | FIRM NAME | PARTY: |
|---|---|---|
| Mary J. Hahn, Esq.<br>Reed N. Colfax, Esq. | Relman & Associates | Plaintiffs |
| Gregg T. Johnson, Esq.<br>Scott P. Quesnel, Esq. | Girvin, Ferlazzo Law Firm | Defendants |

BEGINNING TIME:    9:40 A.M.          END TIME:  11:30 A.M.

**APPEARANCES:**. All attorneys present.

| | |
|---|---|
| 9:40 a.m. | Court states court exhibit 1 (Standard of Review) has been supplied to counsel; Court turns to the procedural history and the facts of the case. Court states the pending motions before the court. |
| 9:52 a.m. | Court discusses the motion to strike by plaintiff. Court turns to issue of standing since it is jurisdictional; Court DENIES Motion for Summary Judgment as to the Standing of The Anderson Group. |
| 9:56 a.m. | Court inquires of plaintiff stating real issue is Fair Housing Act; argument that Federal Court should extend New York Law. |
| 9:57 a.m. | Atty. Colfax stating other case decisions; insuring equal opportunity for fair housing. |
| 9:57 a.m. | Court states presume Fair Housing claims survive why care of State Human Rights law. |
| 9:58 a.m. | Atty. Colfax states as a matter of right; bring case under states human rights law; reinforce the policy. |

| | |
|---|---|
| 9:58 a.m. | Court states anything different in trial between Fair Housing claim and States Human Rights Law. |
| 9:59 a.m. | Atty. Colfax states depends; possible convolution. |
| 9:59 a.m. | Atty. Johnson states ignores plain language of statute; renders this court inappropriate to extend New York Law before this court. |
| 10:00 a.m. | Court states GRANTS the motion for summary judgment and DISMISSES the States Human Rights claims for the reasons articulated by the defendant. |
| 10:03 a.m. | Atty. Johnson discusses the continuing violation; frames action of clients; discusses May 20, 2003 initiative. Plaintiff need to show disparate treatment. |
| 10:04 a.m. | Court discusses the actions and discusses the statute of limitations. Court sets legislative and qualified immunity aside. Court turns to remaining two issues. Disparate treatment and impact claim; |
| 10:06 a.m. | Atty. Colfax states elements on the disparate treatment; |
| 10:07 a.m. | Court discusses mentions regarding the 3rd element. |
| 10:08 a.m. | Atty. Colfax discusses this issue; discusses disparate impact claim; adverse impact by policy or decision by defendant. |
| 10:11 a.m. | Atty Johnson states has burden of production not burden of proof; plaintiff has to establish discriminatory intent; must have awareness; discusses causal connection; discusses predictability. |
| 10:12 a.m. | Court states given opportunity to put out the legal issues. |
| 10:13 a.m. | Atty. Colfax discusses prima facie under McDonald-Douglas; draw inference. |
| 10:13 a.m. | Court states burden of proof doesn't shift; production does; whether dispute of fact critical to decision that the jury has to decide and not the court on summary judgment; remove from equation the facts that plaintiff takes hombrage in motion to strike; look at remaining record to see if disputed facts; each component of FHA and legislative immunity and see if disputed facts remain for a jury. |
| 10:16 a.m. | Plaintiff states motion for summary judgment only goes to disparate impact claim; challenge is to overall policy of construction of affordable housing; plaintiff requesting to remove an obstacle and not requesting the defendant to construct affordable housing; discusses perpetuation of segregation; |
| 10:27 a.m. | Atty. Johnson discusses generalized claim of land use initiatives; discusses disparate impact; discusses predictability; discusses statistical analysis; |
| 10:36 a.m. | Court inquires if the analysis is admissible. |
| 10:37 a.m. | Atty. Johnson states it is admissible. |
| 10:38 a.m. | Court turns to additional motion for the 1st claim. |
| 10:39 a.m. | Atty. Johnson discusses disparate treatment claim; discusses individual defendants; |
| 10:41 a.m. | Court if defendant concedes of statements made at meetings that improper things may have been said. |

| | |
|---|---|
| 10:41 a.m. | Atty. Johnson states concedes that the public can appear and made statements on the public floor; discusses presentation to HUD; never mention or awareness of race; discusses only economic; |
| 10:44 a.m. | Court turns to legislative and qualified immunity; discusses standards to be applied; pure question of undisputed facts on the record to permit the court to say the state of affairs time of decision made; problem with focus of papers on material facts as to individual legislatures. |
| 10:46 a.m. | Atty. Johnson states during the motion to dismiss plaintiff requested to wait until the review of discovery as to the individual defendants acted outside their scope. |
| 10:58 a.m. | Atty. Colfax discusses the disparate impact claim; key aspect is the land use policy; |
| 11:03 a.m. | Court asks generically facts that plaintiff points to that there is an evidentiary issue; discusses legal issue; nature of disputed facts. |
| 11:04 a.m. | Atty. Colfax discusses qualified immunity issue; individual defendants had fair warning; heart of disparate treatment claim is the defendants' intent; discusses analysis as to the legislative immunity; discusses administrative acts; |
| 11:07 a.m. | Court inquires if Saratoga Springs is the proper party. |
| 11:08 a.m. | Atty. Colfax discusses issue with the court; an appropriate defendant under FHA; |
| 11:08 a.m. | Atty. Johnson states the numbers in the statement of material facts; discusses the Excelsior Park; |
| 11:14 a.m. | Court discusses the federal claims and record of arguments; why question of material fact for the jury to decide; that the motions for summary judgments are DENIED; discusses individual claims; discusses legislative and qualified immunity claims; denying motions on legislative and qualified immunity grounds; need to hear facts from the jury to make that decision; same analysis that governs motions on the FHA claims; belong to jury and not to the court; facts survive as seek in the motion to strike; unnecessary to address the motion to strike therefore it is denied as moot.  Court will issue a summary order to be clear on the docket. |