IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| THE ANDERSON GROUP, LLC and GAIL ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SARATOGA SPRINGS, *et al.*,<br><br>Defendants. | Civil Action No. 1:05-CV-1369, GLS/DRH<br><br>Judge Gary L. Sharpe<br><br>Magistrate Judge David R. Homer |

### PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION PURSUANT TO F.R.C.P. 59(e) AND LOCAL RULE 7.1 (g)

Reed N. Colfax
Mary J. Hahn
John P. Relman
RELMAN & DANE, PLLC
1225 19th Street, Suite 600
Washington, DC 20036
(202) 728-1888

Peter A. Lynch
LYNCH & LYNCH
111 State Street, First Floor
Albany, NY 12207
(518) 463-1252

**ATTORNEYS FOR PLAINTIFFS**

Dated: January 7, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

ARGUMENT..............................................................................................................................1

I.      A Factual Dispute Exists Regarding the Circumstances Surrounding and the Function of the Individual Defendants When Taking Actions Against the Andersons, Their Property, and Their Spring Run Village Proposal. ..................................1

     A. Entitlement to Legislative Immunity Turns on the Function Rather than the Identity of the Defendant. ......................................................................................2

     B. The Planning Board's Denial of the Andersons' Spring Run Village Permit Is Undoubtedly an Administrative Act Not Entitled to Legislative Immunity..................2

          1. Under Controlling Law, a Decision Directed at a Single Applicant Is Not Entitled to Legislative Immunity ..............................................................................2

          2. Defendants' Unsupported Factual Assertion that the Planning Board Did Not Deny the Spring Run Village Application Provides No Basis for Finding Legislative Immunity............................................................................3

     C. The Evidence Supports a Finding that the City Council's Decision to Downzone the SWAD Was Aimed at Preventing the Andersons' Specific Affordable Housing Proposal ........................................................................................4

CONCLUSION...........................................................................................................................6

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

Page

*Acevedo-Cordero v. Cordero-Santiago*, 958 F.2d 20 (1st Cir. 1992) ............................................. 2, 5, 6

*Brennan v. Straub*, 246 F. Supp. 2d 360 (S.D.N.Y. 1995) ................................................. 2, 3, 5, 6

*Crymes v. DeKalb* County, 923 F.2d 1482, 1485 (11th Cir. 1991) ..................................................... 3

*C-TC 9th Ave. P'Ship v. Norton Co.*, 182 B.R. 1 (N.D.N.Y.1995) ...................................................... 1

*Groome Resources Ltd., LLC v. Parish of Jefferson*, 234 F.3d 192 (5th Cir. 2000) ........................ 4

*Harhay v. Town of Ellington*, 323 F.3d 206 (2d Cir. 2003) ........................................................... 2, 3

*Jim Sowell Const. Co. v. City of Coppell*, 82 F. Supp. 2d 616 (N.D. Tex. 1998) .............................. 3

*Lacorte v. Hudacs*, 884 F. Supp. 64 (N.D.N.Y. 1995) ....................................................................... 3

*Moore v. Trippe*, 743 F. Supp. 201 (S.D.N.Y. 1990) ................................................................. 3, 5, 6

*Pathways Psychosocial v. Town of Leonardtown*, 133 F. Supp. 2d 772 (D. Md. 2001) .................. 5

*Scott v. Greenville County*, 716 F.2d 1409 (4th Cir. 1983) ............................................................... 6

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995) ..................................................... 1

*Sunrise Develop. Inc. v. Town of Huntington*, 62 F. Supp. 2d 762 (E.D.N.Y. 1999) ....................... 4

## INTRODUCTION

The individual Defendants' motion for reconsideration of this Court's denial of legislative immunity simply reargues their preferred version of the events and ignores the substantial evidence contradicting their factual assertions. Identifying disputed facts is not sufficient to prevail on a motion for summary judgment, and identifying them a second time after the Court properly denies the motion is certainly not sufficient to prevail on a motion for reconsideration.

Defendants' motion provides no new analysis, no new law, and no new facts and, therefore, no basis for this Court to reconsider its ruling against them. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *C-TC 9th Ave. P'Ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Defendants have not and cannot even argue that they meet any of the three possible grounds for reconsideration. *Id.* at 3. For that reason alone, Defendants' motion should be denied. Furthermore, it is clear that the Court's finding that the legislative immunity question requires the resolution of fundamental factual disputes remains sound.

## ARGUMENT

**I.     A Factual Dispute Exists Regarding the Circumstances Surrounding and the Function of the Individual Defendants When Taking Actions Against the Andersons, Their Property, and Their Spring Run Village Proposal.**

The essence of the dispute between the parties regarding the individual Defendants' entitlement to legislative immunity is a factual one. Plaintiffs have presented substantial evidence to support a finding that the denial of the Spring Run Village permit application and downzoning of the Southern Weibel Avenue District ("SWAD") were specifically directed at the Andersons in a concerted effort to stymie the construction of Spring Run Village. Defendants, on the other hand, argue that the Planning Board did not actually deny the Spring Run Village application and that the City Council's downzoning of the SWAD was simply part of a comprehensive rezoning of the City. It is a classic factual dispute that cannot be resolved on a motion for summary judgment.

1

A. **Entitlement to Legislative Immunity Turns on the Function Rather than the Identity of the Defendant.**

It is clear that the mere fact that a plaintiff challenges an act that was completed through a vote by a member of a political body does not automatically cloak that member with legislative immunity. *Harhay v. Town of Ellington*, 323 F.3d 206, 211 (2d Cir. 2003). Rather, courts must take a "'functional approach,' looking to the function being performed rather than to the office or the identity of the defendant." *Brennan v. Straub*, 246 F. Supp. 2d 360, 364 (S.D.N.Y. 1995) (internal quotation marks omitted). Courts have consistently recognized that legislative immunity is lost where a defendant's decision is directed at specific individuals rather than the public at large. *See, e.g., Acevedo-Cordero v. Cordero-Santiago*, 958 F.2d 20, 23-24 (1st Cir. 1992); *Brennan*, 246 F. Supp. 2d at 364. The facts here, particularly when viewed in the light most favorable to Plaintiffs, support a finding that the Planning Board and City Council actions were targeted at a specific proposal by the Andersons and therefore are not legislative in nature.

B. **The Planning Board's Denial of the Andersons' Spring Run Village Permit Is Undoubtedly an Administrative Act Not Entitled to Legislative Immunity.**

  1. **Under Controlling Law, a Decision Directed at a Single Applicant Is Not Entitled to Legislative Immunity.**

The Planning Board members' denial of the Andersons' special use permit application is a quintessentially administrative function. As Defendants concede, the Andersons' special use permit application involves "an individual applicant and pertains to a specific project." (Ds. Mot. for Reconsid. Legis. Immunity, Docket No. 126, at 6 (hereinafter "Motion").) Legislative immunity does not attach to the denial of a single applicant's application regarding a specific project. *See, e.g., Acevedo-Cordero*, 958 F.2d at 23-24.

Apparently recognizing that clearly established law dooms their legislative immunity argument, the Planning Board defendants weakly attempt to assert that the denial of the Spring Run Village application was not really a decision about a single application involving a single project, but instead was a decision about "community-wide concerns." (Motion at 6).

2

Defendants' novel argument is not accompanied by a single citation that would undermine the consistent rulings by the Second Circuit and other courts holding that actions targeting a single group of individuals are administrative, not legislative, in nature. *See, e.g., Harhay*, 323 F.3d at 211 (denying legislative immunity because actions resolving "situation regarding a single individual" are not legislative).[1]

    2.    **Defendants' Unsupported Factual Assertion that the Planning Board Did Not Deny the Spring Run Village Application Provides No Basis for Finding Legislative Immunity.**

With no law to support their position, Defendants are left simply repeating their baseless factual claim that the Planning Board members did not render a final decision on the Andersons' application because the Andersons allegedly did not appear at the February 2, 2005 meeting of the Planning Board. (Motion at 4-5.)[2] This claim is directly contradicted by the actual transcript of the Planning Board meeting, in which the Planning Board Chair Bristol clearly states that the Planning Board "cancelled" the application because the City Council downzoned the parcel the previous day. (*Id.* Ex. 81, 2/2/2005 Planning Bd. Tr.; *id.* Ex. 7, Bornemann Dep. at 68 ("The Planning Board made the decision they could no longer review it").) There is simply no basis to conclude that the Planning Board's decision on the Spring Run Village special use permit application in February 2005 was anything but a final denial of the application. (*Id.* (City Planner testifying that Andersons' only options after Planning Board cancelled application after downzoning were to apply for rezoning or for zoning variance from Zoning Board of Appeals).)[3]

---

[1] *See also, e.g., Crymes v. DeKalb County*, 923 F.2d 1482, 1485 (11th Cir. 1991) (holding that Board's decision to uphold denial of permit was administrative); *Brennan*, 246 F. Supp. 2d at 364 (finding no legislative immunity where legislation involved "elimination of a single position"); *Jim Sowell Const. Co. v. City of Coppell*, 82 F. Supp. 2d 616, 617 (N.D. Tex. 1998) (denying legislative immunity where officers denied permit for construction of low income housing); *Lacorte v. Hudacs*, 884 F. Supp. 64, 71 (N.D.N.Y. 1995) (holding that application of general policy to specific individuals is not legislative); *Moore v. Trippe*, 743 F. Supp. 201, 207-08 (S.D.N.Y. 1990) (holding that defendants would lose legislative immunity because "their actions will only affect plaintiffs").

[2] (*But see* Ps. Resp. and Cross-Mot. Summ. J. Ex. 103 (showing Andersons' representative's calendar entries related to Spring Run Village, including February 2, 2005 meeting of Planning Board).)

[3] In addition, the Planning Board members repeatedly delayed consideration of the Spring Run Village proposal in order to provide the Council with sufficient time to downzone the property (thereby providing a justification for denying the permit application). These delays include forcing the Andersons to go through multiple completeness reviews, stopping all discussion of the application at one meeting, refusing to calendar the application for another

3

Moreover, Defendants concede that the Planning Board rejected the Spring Run Village application in December 2004. (Motion at 5.) Defendants now contend that this "rejection" was not final because the Andersons subsequently submitted another permit application. Surely, however, a rejected applicant always has the prerogative to try again, but the record makes clear that the Planning Board's rejection of the application was final; had the Andersons not submitted a new application, the Planning Board's consideration of Spring Run Village would have been over. In fact, the Planning Board's decision to reject the application, thereby requiring the Andersons to submit a new application, departed from its normal procedures, which typically allow applicants to modify the application as part of the ongoing dialogue. (*See* Ps. Resp. and Cross-Mot. Summ. J. Ex. 12, Ingersoll Dep. at 92-93.)

These facts readily establish that the Planning Board did, in fact, deny the Spring Run Village application and at the very least there exists a factual dispute regarding what actions the Planning Board took with regard to Spring Run Village.

### C. The Evidence Supports a Finding that the City Council's Decision to Downzone the SWAD Was Aimed at Preventing the Andersons' Specific Affordable Housing Proposal.

Despite Defendants' protestations to the contrary, the evidence strongly supports a finding that the City Council members' decision to downzone the SWAD was directly aimed at obstructing and, ultimately, defeating the Andersons' specific proposals to provide much-needed affordable housing in Saratoga Springs. It is undisputed that the vast majority (over 90%) of the SWAD area is owned by the Andersons. Indeed, city officials repeatedly referred to the downzoning effort as directed at the "Anderson property" or "Anderson parcel." (*Id.* Ex. 82, City Council Minutes, Sept. 21, 2004 at 8.)

In addition, although the City Council defendants continue to press their unsupported claim

---

meeting, and rejecting it as incomplete at yet another meeting. (Ps. Resp. and Cross-Mot. Summ. J. 39-41.) These repeated delays are tantamount to a denial of the application, even in the absence of a formal vote. *See Groome Resources Ltd., LLC v. Parish of Jefferson*, 234 F.3d 192, 199-200 (5th Cir. 2000); *Sunrise Develop. Inc. v. Town of Huntington*, 62 F. Supp. 2d 762, 769 (E.D.N.Y. 1999).

4

that they planned to downzone the Andersons' property independent of any specific housing proposal to build affordable housing there (Motion 3-4), the record clearly contradicts these claims. For months after the zoning of the Andersons' property reverted to SWAD, the City Council members took absolutely no action. (*Compare* Ps. Resp. and Cross-Mot. Summ. J. Ex. 40, Judge Nolan Decision (dated May 10, 2004), *with id.* Ex. 43, City Council Minutes, Aug. 11, 2004 at 3 (vote to begin process of rezoning).) City officials began to act only after the Anderson family presented its plan to build affordable housing at Spring Run Village to the Saratoga County Workforce Housing Partnership (which included city officials) on July 29, 2004. Just hours after that presentation, the Deputy Mayor reported that City Planner had heard "that something was up on [the Andersons'] property and that the city needed to get going on the rr-1 rezoning . . . ." (*Id.* Ex. 42, M. Ingersoll Email to W. Anderson, July 29, 2004.) This decision to "get going" was directed at stopping the Andersons' specific plans to build Spring Run Village and is not entitled to legislative immunity.[4] *Acevedo-Cordero*, 958 F.2d at 23-24 (holding genuine issue of material fact precluded grant of legislative immunity where parties contested whether passage of facially neutral ordinance was directed at specific individuals).[5]

In addition, the City Council defendants clearly acted outside of any legislative capacity when they coordinated with the Planning Board and actively obstructed consideration of the Spring Run Village application. In November 2004, the city council defendants scheduled a vote

---

[4] The facts also belie Defendants' factual assertion that the February 2005 vote was a mere continuation of its May 2003 comprehensive rezoning. If it were such a continuation, it would be reasonable to expect that Defendants would have taken action following the court's invalidation of the rezoning, not Plaintiffs' restarting of efforts to build affordable housing. Again, Defendants' argument is based on their preferred view of the facts, but only a jury can finally resolve Defendants' motivation for revisiting the rezoning of the SWAD.

[5] *See also, e.g., Pathways Psychosocial v. Town of Leonardtown*, 133 F. Supp. 2d 772, 794 (D. Md. 2001) (no legislative immunity for Council members who refused to vote on resolution endorsing construction of rehabilitation facility); *Brennan*, 246 F. Supp. 2d at 364 (no legislative immunity for passage of legislation that affected single individual); *Moore*, 743 F. Supp. at 207-08 (holding that legislative immunity is lost where board passed code that affected only single group of people, even if facially neutral). Defendants' reliance on *Almonte* is misplaced. In *Almonte*, the court held that the defendants were entitled to legislative immunity for a budget resolution that was impermissibly motivated by political affiliations in violation of the First Amendment. Here, however, Defendants' lack of legislative immunity turns on evidence showing that their actions are targeted at specific individuals and not on the fact of their illegal discriminatory motives.

on the possible rezoning of the Spring Run Village site and surrounding area. (*Id.* Ex. 47, City Council Meeting Minutes, Nov. 16, 2004 at 9, 13.) Instead of waiting for the following month's meeting, as would have been the normal procedure, the city council members took the "very unusual" step of scheduling this vote to take place during a budget workshop at the exact same time that the Planning Board held its public hearing on the Spring Run Village application. (*Id.* Ex. 7, G. Bornemann Dep. 213; *id.* Ex. 47, City Council Minutes, Nov. 16, 2004, at 9-13; *id.* Ex. 69, Brunelle Memo to WHP Steering Committee, Nov. 18, 2004.)  The moment the City Council completed its vote, the city attorney was dispatched to interrupt the Planning Board's hearing of the Andersons' application, which directly resulted in the unprecedented step of entirely stopping the public hearing on the Spring Run Village application. (Ex. 12, Ingersoll Dep. at 96-98.)

By intervening in and interrupting the normal procedure for considering the special use permit, s*ee, e.g., Scott v. Greenville County*, 716 F.2d 1409, 1423 (4th Cir. 1983) (finding no legislative immunity where members of Council interrupted process of approving developer's permit application pending rezoning of land), each individual Defendant acted outside of any purported legislative capacity and instead participated in the administrative function of denying the Andersons' special use permit application. Legislative immunity cannot attach for these actions that were specifically directed at defeating the Andersons' proposal. *See, e.g., Acevedo-Cordero*, 958 F.2d at 23-24; *Brennan*, 246 F. Supp. 2d at 364; *Moore*, 743 F. Supp. at 207-08.

## CONCLUSION

Each of the individual defendants specifically targeted the Andersons in actively coordinating, delaying, obstructing, and ultimately denying the Spring Run Village proposal. No legislative immunity should attach for such administrative acts. Certainly, Defendants have presented nothing new to disturb this Court's findings that the individual defendants' claim to legislative immunity will turn on "the resolution of the underlying issues of credibility" by a jury, and Defendants' motion for reconsideration should be denied.

Dated: January 7, 2008                                   Respectfully submitted,

__/s/ Reed Colfax_____
Reed N. Colfax                                           Peter A. Lynch
Mary J. Hahn                                             LYNCH & LYNCH
John P. Relman                                           111 State Street, First Floor
RELMAN & DANE, PLLC                                      Albany, NY 12207
1225 19th Street, Suite 600                              (518) 463-1252
Washington, DC 20036
(202) 728-1888

## CERTIFICATE OF SERVICE

      I hereby certify that on January 7, 2008, a copy of the foregoing Plaintiffs' Opposition to Defendants' Motion for Reconsideration was electronically filed using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Gregg T. Johnson  
Scott Quesnel  
Girvin & Ferlazzo  
20 Corporate Woods Blvd.  
Albany, New York 12211  
gtj@girvinlaw.com

                                                /s/ Nicholas Cain  
                                                Nicholas Cain