05-cv-1369
N.D.N.Y. /SYNY
Sharpe, J.

**MANDATE**

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of June, two thousand nine.

PRESENT:
> HON. BARRINGTON D. PARKER,
> HON. RICHARD C. WESLEY,
> *Circuit Judges,*
> HON. MIRIAM GOLDMAN CEDARBAUM,*
> *District Judge.*



---

THE ANDERSON GROUP, LLC, GAIL ANDERSON,

> *Plaintiffs-Appellees,*

> v.

**SUMMARY ORDER**
**07-5311-cv**

MICHAEL LENZ, THOMAS CURLEY, MATTHEW MCCABE, THOMAS MCTYGUE, STEPHEN TOWNE, LEWIS BENTON, ROBERT BRISTOL, ROBERT ISRAEL, WILLIAM MCTYGUE, NANCY OHLIN, LOU SCHNEIDER,

> *Defendants-Appellants,*

CITY OF SARATOGA SPRINGS, SARATOGA SPRINGS CITY COUNCIL,
> *Defendants.*

---

*The Honorable Miriam Goldman Cedarbaum, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: AUG 2 6 2009

| | | |
|---|---|---|
| 1 | FOR APPELLANTS: | Gregg T. Johnson, Lemire Johnson, LLC, Malta, N.Y. |
| 2 | | |
| 3 | FOR APPELLEES: | Reed N. Colfax, Relman & Dane, PLLC, Washington, |
| 4 | | D.C. (Peter A. Lynch, Lynch & Lynch, Albany, N.Y., *on* |
| 5 | | *the brief*). |

6

7      UPON DUE CONSIDERATION of this appeal from an order of the United States

8  District Court for the Northern District of New York, it is hereby ORDERED, ADJUDGED,

9  AND DECREED that the appeal is DISMISSED in part and the order of the District Court is

10  AFFIRMED in part.

11

12      Defendants-Appellants ("Defendants"), all of whom are individual members of the

13  Saratoga Springs Planning Board, appeal from the order of the United States District Court for

14  the Northern District of New York (Sharpe, *J.*) denying their claims to qualified and legislative

15  immunity. We assume the parties' familiarity with the underlying facts, the procedural history

16  of the case, and the issues raised on appeal.

17      We first address Defendants' challenge to the District Court's denial of qualified

18  immunity. Because our review of the court's qualified immunity determination would not be

19  limited to an abstract question of law, but instead would be "fact-based," *Ashcroft v. Iqbal*, 129

20  S. Ct. 1937, 1947 (2009) (citing *Johnson v. Jones*, 515 U.S. 304, 317 (1995)), we lack

21  jurisdiction to hear this interlocutory appeal. We therefore dismiss Defendants' interlocutory

22  appeal insofar as it contests the District Court's denial of qualified immunity.

23      Defendants' challenge to the District Court's denial of legislative immunity does not

24  pose the same jurisdictional problem, in light of the fact that it raises a "neat abstract issue[] of

25  law." *Johnson*, 515 U.S. at 317 (internal quotation marks and citation omitted). We therefore

26  review the court's legislative immunity determination *de novo*. *State Employees Bargaining*

27  *Agent Coalition v. Rowland*, 494 F.3d 71, 82 (2d Cir. 2007). Legislative immunity is a form of

28  absolute immunity reserved for officials acting within the sphere of legitimate legislative

1   activity. *See id.* at 82-83. As the District Court noted, the inquiry as to whether a defendant is

2   entitled to legislative immunity focuses on whether, "stripped of all considerations of intent and

3   motive," the defendant's actions "were, in form, quintessentially legislative" or were "integral

4   steps in the legislative process." *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998); *see also*

5   *Rowland*, 494 F.3d at 89-90.

6        The court below correctly concluded that the action taken by Defendants with regard to

7   Plaintiffs-Appellees' special use permit application was administrative in nature, and thus not of

8   the sort legislative immunity was intended to cover. *See, e.g., Rowland*, 494 F.3d at 92. We

9   therefore affirm the District Court's denial of legislative immunity.

10        Accordingly, we hereby **DISMISS** the appeal for lack of appellate jurisdiction insofar as

11   it challenges the District Court's denial of qualified immunity. We **AFFIRM** the order of the

12   District Court insofar as it denied Defendants legislative immunity.

13

14                  FOR THE COURT:
15                  Catherine O'Hagan Wolfe, Clerk
16
17                  By:

3

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK