**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THE ANDERSON GROUP, LLC** and **GAIL ANDERSON**,

               Plaintiffs,         1:05-cv-1369
                                               (GLS\DRH)

        v.

**CITY OF SARATOGA SPRINGS; MICHAEL LENZ; SARATOGA SPRINGS CITY COUNCIL; THOMAS CURLEY; MATTHEW MCCABE; THOMAS MCTYGUE; STEPHEN TOWNE; SARATOGA SPRINGS PLANNING BOARD; LEWIS BENTON; ROBERT BRISTOL; ROBERT ISRAEL; WILLIAM MCTYGUE; NANCY OHLIN;** and **LOU SCHNEIDER**,

               Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Relman, Dane Law Firm | JOHN P. RELMAN, ESQ. |
| 1225 19th Street, N.W. | REED N. COLFAX, ESQ. |
| Suite 600 | KATHERINE GILLESPIE, ESQ. |
| Washington, DC 20036 | JAMIE L. CROOK, ESQ. |
| | |
| Lynch & Hetman Law Firm | PETER A. LYNCH, ESQ. |
| 111 State Street | |
| Albany, NY 12207 | |
| | |
| **FOR THE DEFENDANTS:** | |
| Lemire, Johnson Law Firm | GREGG T. JOHNSON, ESQ. |
| P.O. Box 2485 | MARK J. LEMIRE, ESQ. |
| 2534 Route 9 | |
| Malta, NY 12020 | |

**Gary L. Sharpe
District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

On June 21, 2011, this court issued a Memorandum-Decision and Order ruling on defendant City of Saratoga Springs' motion pursuant to FED. R. CIV. P. 50 and 59, granting a new trial on plaintiff the Anderson Group's disparate impact and perpetuation of segregation claims under the Fair Housing Act (FHA),[1] and ordering remittitur in the alternative. (*See* Dkt. No. 279.) Pending is Saratoga's motion for a certificate of appealability on the issues of the Anderson Group's standing under the FHA and whether the Anderson Group established a prima facie case of disparate impact. (Dkt. No. 280.) For the reasons that follow, Saratoga's motion is granted on the standing issue but is otherwise denied.

## II. Standard of Review

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d

---

[1] 42 U.S.C. § 3601, *et seq.*

2

863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).  However, a district court may grant a party leave to appeal a non-final or interlocutory order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal ... may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Thus, § 1292 operates as "a rare exception to the final judgment rule that generally prohibits piecemeal appeals ... [and] is reserved for those cases where an intermediate appeal may avoid protracted litigation."  *Koehler*, 101 F.3d at 865-66 (citation omitted).  Importantly though, § 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases."  *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal quotation marks and citations omitted).  Accordingly, a court should "exercise great care in making a § 1292(b) certification."  *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

"An order granting a new trial is interlocutory in nature and therefore not immediately appealable."  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S.

3

33, 34 (1980); *see also Compagnie Nationale Air Fr. v. Port of N.Y. Auth.*, 427 F.2d 951, 954 (2d Cir. 1970) ("[A]n order granting a new trial is not ordinarily a 'final' judgment from which an appeal may be taken." (citations omitted)); *see, e.g.*, *Morris v. Flaig*, 511 F. Supp. 2d 282, 315-19 (E.D.N.Y. 2007).

### III. Discussion

As a preliminary matter, having reviewed the parties' submissions, the court is compelled to revisit and clarify its findings—implicit as they may have been, (*see* Def. Reply Mem. of Law at 2, Dkt. No. 284)—regarding the Anderson Group's prima facie case of disparate impact. In ruling on Saratoga's post-trial motion, the court concluded that a retrial was appropriate and, as a result, declined to invade the jury's province by weighing the evidence presented. However, though not apparent from the June 21, 2011 Order, the court was satisfied that, drawing all reasonable inferences in its favor, the Anderson Group presented sufficient evidence to establish a prima facie case of disparate impact. Thus, the court submitted the claim to the jury, vacated the jury's verdict as irreconcilably inconsistent, and ordered that the claim be retried.

Now, as to the pending motion, the court concurs with the Anderson

4

Group that the issue of whether the Anderson Group established a prima facie case of disparate impact fails to satisfy § 1292(b)'s rigid certification requirements. (*See* Pls. Resp. Mem. of Law at 3-15, Dkt. No. 282.) In particular, Saratoga's challenges to the sufficiency and weight of the evidence undoubtedly implicate questions of fact that fall outside § 1292(b)'s limited sphere. Therefore, while convinced that this case as it currently stands is ripe for review in light of the fully developed record and the legal questions presented, which the court has attempted to resolve with finality, the court's authority to certify appealability is heavily circumscribed.

In comparison, the court is confident that the standing issue qualifies for § 1292(b) certification. Specifically, throughout this action, the court has questioned the scope and reach of the FHA's protections and whether an entity in the Anderson Group's position has standing to assert claims under the FHA for disparate impact and perpetuation of segregation. (*See* Oct. 18, 2007 Hr'g Tr. at 12-14, Dkt. No. 128; June 21, 2011 Order at 7, Dkt. No. 278.) And although the court has consistently resolved this question of law in the Anderson Group's favor, there undoubtedly remains substantial ground for difference of opinion. Moreover, there can be no debate that if

5

the Second Circuit were to ultimately find standing nonexistent, then this litigation would be at an end.  Consequently, because the court's prior rulings on the threshold standing issue trigger the provisions of § 1292(b), Saratoga is granted limited leave to appeal.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Saratoga's motion for a certificate of appealability (Dkt. No. 280) is **GRANTED** limited to the issue of standing under the FHA; and it is further

**ORDERED** that Saratoga's motion for a certificate of appealability is otherwise **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 26, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge